UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

UNITED STATES OF AMERICA,

Plaintiff,

v.

FIFTY THOUSAND, TWO HUNDRED DOLLARS ($50,200.00) IN UNITED STATES CURRENCY,

Defendant.
_____/



03-22759

CIV - UNGARO - BENAGES

MAGISTRATE JUDGE BROWN

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, files this Complaint for Forfeiture in Rem against the defendant property, and in support thereof alleges the following:

1. This is a civil action for forfeiture in rem of the above captioned defendant property pursuant to Title 21, United States Code, § 881(a)(6) arising from violations of Title 21 United States Code, § 846.

2. Jurisdiction is vested in this Court pursuant to Title 28, United States Code, §§ 1345, 1355 and 2461.

3. This Court has venue pursuant to 28 U.S.C. §1395 because the defendant currency is located within the Southern District of Florida and will so remain during the pendency of these proceedings.

4. The United States seeks forfeiture of the defendant property, fifty thousand, two hundred ($50,200.00) dollars in United States currency, pursuant to Title 21, United States Code, Section 881(a)(6), on the grounds that the property constitutes proceeds the defendant obtained from



said violation of Title 21, United States Code, Section 846.

## STATEMENT OF PROBABLE CAUSE

5. On or January 27, 2002, a grand jury sitting in the Southern District of Florida returned a three-count indictment against ALBERT TORRES, CARMEN CAICEDO, JORGE CEPERO and OMAR OLIVERO (hereinafter "defendants").

6. Count I of the indictment charged on or about May 7, 2002, to on or about June 13, 2002, at Miami-Dade County, in the Southern District of Florida, the defendants, did knowingly and willfully and intentionally combine, confederate and agree with each other and with persons known and unknown to the grand jury to posses with the intent to distribute a Schedule II controlled substance, that is, five kilograms of more or a mixture and substance containing a detectable amount of cocaine, in violation Title 21, United States Code, Sections 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

7. Count II of the indictment charged on or about June 13, 2002, at Miami-Dade County, in the Southern District of Florida and elsewhere, TORRES and CAICEDO, did knowingly and intentionally attempt to possess with the intent to distribute a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846and 841(b)(1)(A), and Title 18, United States Code, Section 2.

8. Count III of the indictment charged on or about June 13, 2002, at Miami-Dade County, in the Southern District of Florida and elsewhere, CEPERO and OLIVERO, did knowingly and intentionally attempt to possess with the intent to distribute a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine,

in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846and 841(b)(1)(A), and Title 18, United States Code, Section 2.

9. The indictment also include forfeiture allegations which stated that as a result of the commission of the felony offenses alleged in Counts I through III of the indictment, the United States is entitled to forfeiture of, and the defendants, shall forfeit to the United States the property involved in the violations, including the fifty thousand, two hundred ($50,200.00) dollars in United States currency recovered from the defendants.

10. On or about October 31, 2002, defendant TORRES pleaded guilty to the indictment in his plea proffer, TORRES stated that the fifty thousand, two hundred ($50,200.00) dollars in U.S. currency was being brought by CARMEN CAICEDO, at his request to pay for the narcotics involved in violation to which he pleaded guilty and was subsequently sentenced.

11. Defendant CAICEDO, bailee of the defendant currency, stated during a lie detector test, that the fifty thousand, two hundred ($50,200.00) dollars in United States currency belonged to defendant TORRES. The indictment against her was dismissed based on the result of the said test.

## COUNT I

12. The allegations of paragraphs one (1) through eleven (11) are re-alleged and fully incorporated herein.

13. Based on the foregoing, the defendant currency constitutes monies furnished or intended to be furnished in exchange for controlled substances in violation of Title 21, United States Code, Section 801, et seq. or proceeds traceable thereto, and is thereby forfeit to the United States pursuant to Title 21, United States Code, Section 881(a)(6), as amended by the Civil Asset Forfeiture Reform Act of 2000, Title 18, United States Code, Section 983.

**WHEREFORE**, the United States of America prays that process issue to bring the defendant currency within the jurisdiction of this Court by warrant of arrest *in rem*; that notice issue to all parties in interest to appear upon the return day of such process and duly intervene herein by claim and plea; that the defendant currency be condemned as forfeit to the United States of America; that an order for property disposal for the same be issued according to law; all pursuant to Title 21, United States Code, Section 881(a)(6), as amended by the Civil Asset Forfeiture Reform Act of 2000, Title 18, United States Code, Section 983; and that the Plaintiff be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
LORNETTE A. REYNOLDS
ASSISTANT U.S. ATTORNEY
Fla. Bar No. 035955
99 N.E. 4th Street
Seventh Floor
Miami, Florida 33132
Tel: (305) 961-9294
Fax: (305) 536-7599

## VERIFICATION

Pursuant to 21 U.S.C. § 881(a)(6), I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture In Rem and that the contents are true to the best of my knowledge and belief.

Executed on 10/14, 2003.

SHAUN PERRY
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**    03-22759
FIFTY THOUSAND, TWO HUNDRED DOLLARS ($50,200.00) IN UNITED STATES CURRENCY

CIV-UNGARO-BENAGES

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade 03-22759 CIV UNB/TB

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

MAGISTRATE JUDGE BROWN

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
LORNETTE A. REYNOLDS, AUSA
United States Attorneys Office
99 NE 4th Street, 7th Floor, Miami, Florida 33132
(305) 961-9294

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐1 Original Proceeding
- ☐2 Removed from State Court
- ☐3 Remanded from Appellate Court
- ☐4 Reinstated or Reopened
- ☐5 Transferred from another district (specify)
- ☐6 Multidistrict Litigation
- ☐7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY / PERSONAL INJURY | B☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane / ☐362 Personal Injury - Med. Malpractice | B☐620 Other Food & Drug | | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability / ☐365 Personal Injury - Product Liability | B☐625 Drug Related Seizure of Property 21 USC 881 | ☐423 Withdrawal 28 USC 157 | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander / ☐368 Asbestos Personal Injury Product Liability | B☐630 Liquor Laws | A PROPERTY RIGHTS | B☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers' Liability | B☐640 R.R & Truck | | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine / PERSONAL PROPERTY | B☐650 Airline Regs. | ☐820 Copyrights | ☐470 Racketeer Influenced and Corrupt Organizations |
| B☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐345 Marine Product Liability / ☐370 Other Fraud | B☐660 Occupational Safety/Health | ☐830 Patent | ☐810 Selective Service |
| B☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle / ☐371 Truth in Lending | B☐690 Other | ☐840 Trademark | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability / ☐380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury / ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| ☐210 Land Condemnation | ☐441 Voting / PRISONER PETITIONS | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| B☐220 Foreclosure | ☐442 Employment / B☐510 Motions to Vacate Sentence | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing/Accommodations / HABEAS CORPUS: | | FEDERAL TAX SUITS | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐240 Torts to Land | ☐444 Welfare / B☐530 General | ☐790 Other Labor Litigation | A☐870 Taxes (U.S. Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights / A☐535 Death Penalty | A☐791 Empl. Ret. Inc. Security Act | A☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions A OR B |
| ☐290 All Other Real Property | B☐540 Mandamus & Other / B☐550 Civil Rights / B☐555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

LENGTH OF TRIAL
via    3    days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   YES   NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 10-14-03

SIGNATURE OF ATTORNEY OF RECORD
/s/ Lornette A. Reynolds
LORNETTE A. REYNOLDS, AUSA

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc.