

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-22759-CIV-UNGARO-BENAGES

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

$50,200.00 IN U.S. CURRENCY,

            Defendant.
_____/

## UNITED STATES' MOTION FOR DEFAULT JUDGMENT OF FORFEITURE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, the United States of America, respectfully requests this Court to enter a Default Judgment of Forfeiture pursuant to Fed.R.Civ.P. 55(b)(2) and Local Admiralty Rule C(9)(a).

1. Plaintiff filed a civil in rem forfeiture action against Defendant currency on October 10, 2003, pursuant to 21 U.S.C. § 881 (a)(6) arising from violations of 21 U.S.C. § 846. [D.E. #1].

2. The Warrant of Arrest issued on October 17, 2003 [D.E. # 4].

3. The Defendant was served with the Warrant of Arrest and Verified Complaint on October 22, 2003 [D.E. # 5].

4. Public Notice of Action and Arrest was published in the *Miami Daily Business Review* on November 6, 2003 [D.E. # 6].

5. Alberto Torres was served with the Complaint and Warrant on December 1, 2003.[1]

---

[1] Torres acknowledged in his plea proffer that the funds were intended to pay for the narcotics involved in the violations to which he plead guilty in the companion criminal case. He is presently incarcerated. It is unlikely that having plead to the offense and acknowledged that the currency was intended to be used in a drug transaction, that he would contest the forfeiture or prevail even if he did.



6.	More than fifty (50) days, the time period for filing a timely claim and answer, have elapsed from the date of service and the date of publication, and no claim or answer has been filed.

7.	On January 22, 2004, the Clerk entered a default against defendant property and all potential claimants.

WHEREFORE plaintiff respectfully requests that a Default Judgment be entered against defendant and all potential claimants.

## MEMORANDUM OF LAW

The Clerk of the District Court shall enter the default of any person failing to answer, plead or otherwise defend an action within the time fixed by law. Rules 12(a) and 55(a), Fed.R.Civ.P.

Further, whenever a judgment is sought for other than a sum certain, application for Judgment by Default shall be made to the Court and such Judgment may be entered by the Court so long as the default party is not an infant or otherwise incompetent. Rule 55(b)(2), Fed.R.Civ.P.; *Southern General Insurance Company v. O'Keefe*, 275 F.Supp. 107 (D.C. Md. 1967). The filing of a claim in accordance with Rule C(6) is an essential element of a would-be claimant's standing to contest a forfeiture. *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1991).

The Local Admiralty Rules for the Southern District of Florida requires that notice of the action and arrest be given by delivery or by certified mail, return receipt requested, to every known person persons with an interest in the action. Local Admiralty Rule C(8)(b). Once notice has been given, the failure to comply with Supplemental Rule C(6) provides sufficient justification for granting a default judgment to the plaintiff. *United States v. One Parcel of Real Property With Buildings, etc.*, 685 F. Supp. 1123, 1124 (W.D. Mo. 1988); *United States v. One Hundred Four*

*Thousand Six Hundred Dollars ($104,674.00)*, 17 F. 3d 267, 268 (8th Cir. 1994)("[i]t is not an abuse of discretion for a district court to require strict compliance with Supplemental Rule C(6)").

In this case, the defendant property was provided with notice of this action, the criminal defendant from whom the currency was seized acknowledged that the currency was intended to be used to purchase illegal narcotics, and all other potential claimants were provided with notice of this action through publication in accordance with the applicable rules. *See Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 795, 800 (1983) (notice reasonably calculated to appraise claimants of the in rem action and afford them an opportunity to present their objections); Local Admiralty Rule C(8)(b). The time for filing a timely claim and/or answer has expired and no claim or answer has been filed in this action.

WHEREFORE, Plaintiff, United States, respectfully requests that this Court enter a default judgment against defendant property and declare the defendant property is condemned and forfeited to the United States of America for disposition in accordance with the law.

Respectfully submitted,

MARCOS D. JIMENEZ
UNITED STATES ATTORNEY

LORNETTE A. REYNOLDS
Assistant U.S. Attorney
Florida Bar No. 035955
99 N.E. 4 Street, #700
Miami, Florida 33132
Tel: (305)961-9294
Fax: (305)536-7599